## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GARNET ANALYTICS, INC.,** | : | **3:12cv716(WWE)** |
| **Plaintiff,** | : | |
| **V.** | : | |
| | : | |
| **DIVERSIFIED SOLUTIONS, INC.,** | : | |
| **MICHAEL LUNDY, BRIAN SOL,** | : | |
| **Defendants.** | : | |

### MEMORANDUM ON MOTIONS TO DISMISS AND MOTION TO TRANSFER

The genesis of this action is an alleged agreement for services to be rendered by plaintiff Garnet Analytics, Inc. ("GAI") for Diversified Solutions, Inc. ("DSI") and its clients. Plaintiff has alleged claims of breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, negligent misrepresentation, and violation of Connecticut Unfair Trade Practices Act against DSI.  Plaintiff also alleges a claim of fraud against DSI and defendants Michael Lundy and Brian Sol, the President and Vice President of DSI, respectively.  DSI alleges counterclaims of breach of contract, negligence, and breach of the covenant of good faith and fair dealing against GAI, and fraud, conspiracy to commit fraud, and violation of CUTPA against GAI and Michael and Denise Plude.

Defendants now move for dismissal for lack of personal jurisdiction and improper venue and forum non conveniens, or in alternative, to transfer to the Western District of Texas.  Plaintiff has moved to dismiss defendants' counterclaims for failure to state a claim.

### BACKGROUND

The following factual background is based on the allegations of plaintiff's complaint, the answer and the counterclaims.   The Court has separated the plaintiff's

and defendants' version of the facts to reflect the difference in the allegations recited in the claims and counterclaims.

GAI is a corporation organized under the laws of the state of Connecticut and has its principal place of business in Monroe, Connecticut.  Denise Plude is the Principal of GAI, and Michael Plude, her husband, owns an accounting firm known as Kaskie Plude & Company, LLC ("Kaskie Plude").

DSI, a corporation organized under the laws of the state of California with its principal place of business in Morgan Hill, California, is in the business of marketing specialized consulting services to prospective business clients that appear to be eligible for tax refunds in connection with overpayment of telecommunication excise taxes. Defendant Lundy resides in Austin, Texas, and defendant Brian Sol resides in Sparks, Nevada.

<u>Plaintif's Allegations</u>

As of 2008, GAI and DSI agreed for GAI to provide analytical services to DSI and to prepare tax studies and Internal Revenue Service tax forms for DSI clients.  In performing its services, GAI hired Kaskie Plude.  DSI was aware of Kaskie Plude's involvement with GAI.

DSI receives a portion of its clients' excise tax refunds as compensation for its efforts relevant to its clients' excise tax refund applications.  To compensate GAI for its services, DSI agreed to pay GAI a fee calculated by reference to the hours devoted by principals and staff to excise tax matters, subject to a cap of 20% of the fee DSI's clients paid to DSI.

In January 30, 2012, defendant Sol requested GAI's invoice for services in

connection with a refund obtained for one of its clients.  GAI sent DSI its invoice for

20% of the portion of the refund due to DSI.  In March 2012, defendant Lundy

requested "detail" of the hours worked on its client's application.  On April 3, 2012,

Lundy wrote to Denise Plude, instructing that GAI should stop work on DSI projects.

To date, DSI has stopped providing GAI with information of pending refund

applications, payments of refunds, or status of applications that are connected to GAI's

work product.  DSI has not paid GAI for its services relevant to several clients seeking

tax refunds.

Defendants' Counterclaim Allegations

As of 2008, DSI used Kaskie Plude to assist in the preparation of refund claims

for presentation to the IRS.  In 2009, Kaskie Plude attempted to persuade DSI to

execute a services contract but DSI declined to execute such contract.  Defendants

maintain that there is no written contract between DSI and either Kaskie Plude or GAI.

DSI alleges that the letter agreement relied upon by GAI as the operative contract was

never executed and was not delivered as required by the terms of the contract.  DSI

maintains that the parties operated pursuant to a "verbal agreement, supported by

email and other communications between the parties and based upon representations

made to DSI by GAI pertaining to various performance standards, billing practices and

the like."  DSI alleges that the fees for services were to be based upon actual time

spent at the hourly rates for the work.

In September 2009, Michael Plude instructed DSI to pay invoiced fees to GAI

instead of Kaskie Plude.  DSI was agreeable to terms and conditions governing the

business dealings between GAI that were reflected in the representations made to DSI

3

by Michael and Denise Plude.  After GAI began to bill DSI, DSI became concerned with the lack of detail associated with the time records provided by GAI.  Every invoice was for an amount at or above the 20% fee cap.

As of August 2011, DSI clients experienced reductions in excise tax refunds. DSI alleges that such reductions are attributable to a failure by GAI to use the proper processes and parameters in the statistical modeling software.  GAI's work product also evidenced mathematical errors that should have been removed prior to submission to the client or the IRS.

GAI caused delays in completing projects that led to DSI losing its credibility and also certain clients.

Lundy's review of the invoices demonstrated that GAI was billing DSI for work that was not performed by GAI and that the invoices were inaccurate.  GAI has also attempted to bill Denise Plude's hourly rate at $500 as a Principal, although GAI had previously represented that she was an uncertified pubic accountant staff member or analyst.

DSI claims that it has overpaid GAI for its services.

## DISCUSSION

Motion to Dismiss for Lack of Personal Jurisdiction

To survive a pretrial motion to dismiss for lack of personal jurisdiction, plaintiffs bear the burden of showing that the court has jurisdiction over the defendant.  Kernan v. Kurz-Hastings, Inc., 175 F. 3d 236, 240 (2d Cir. 1999).  Prior to discovery, a plaintiff need only make a prima facie showing of jurisdiction through pleadings, affidavits and supporting materials.  Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197

(2d Cir. 1990).  All allegations are to be construed in the light most favorable to plaintiff and all doubts are to be resolved in plaintiff's favor, notwithstanding controverting evidence by defendant.  A.I. Trade Finance Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

The amenability of a nonresident to suit in a federal court in a diversity action is determined according to the law of the state where the court sits.  Arrowsmith v. United Press Int'l, 320 F. 2d 219, 223 (2d Cir. 1963).  In Connecticut, the court makes a two step inquiry.  Bensmiller v. E.I. Dupont de Nemours & Co., 47 F. 3d 79, 81 (2d Cir. 1995).  The court first determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long arm statute.  If jurisdiction is permissible under the long arm statute, the court then determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's due process clause.  Metropolitan Life Insurance Company v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir.).

Defendants have not addressed whether jurisdiction is proper pursuant to the Connecticut long-arm statutes.  However, the Court finds that the long-arm statutes do permit jurisdiction.

Connecticut General Statutes § 33-929(f)(1) provides that a foreign corporation is subject to suit in Connecticut, arising out of any contract made in Connecticut or to be performed in Connecticut.  In this instance, the parties agree that some form of a contract existed that required GAI to perform services for DSI in Connecticut.

Connecticut General Statutes § 52-59b(a) provides that jurisdiction may be asserted over individual non-resident defendants who have committed a tortious act

5

outside the state causing injury inside the state.  GAI asserts that Lundy's and Sol's fraudulent representations caused GAI injury because they induced GAI to continue working and then imposed "pretextual rationalizations" to bar GAI's further involvement and to deny GAI the agreed upon share of refunds.  According to these allegations, jurisdiction is proper pursuant to Section 52-59b(a).

The Court is also satisfied that personal jurisdiction over defendant complies with due process.  The court must first determine if the defendant has minimum contacts with the forum.  Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996).  Either specific jurisdiction or general jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum.  Milne v. Catuogno Court Reporting Svcs., Inc., 239 F. Supp. 2d 195, 203 (D. Conn. 2002).  "Where the claim arises out of, or relates to, the defendant's contacts with the forum—i.e., specific jurisdiction—minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there."  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002).  General jurisdiction may be asserted regardless of whether the claim arises from the corporation's forum contacts only where these contacts are continuous and systematic.  U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 241 F.3d 135, 152 (2d Cir. 2001).

Here, specific jurisdiction exists because the claims at issue arise from DSI's asserted contract for services that were to be performed in Connecticut.  Further, general jurisdiction also exists because DSI has maintained a continuous and repeated contact with Connecticut since DSI sought GAI's service to be performed in Connecticut

6

for several years.

A court must also determine whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice or whether it is reasonable under the circumstances of a particular case.  International Shoe, 326 U.S. at 316.

Whether it is "reasonable" to exercise jurisdiction in a particular case depends on "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies."  Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996).

The assertion of personal jurisdiction in Connecticut does not violate traditional notions of fair play and substantial justice.  Jurisdiction in Connecticut does not impose an undue burden on defendant, which can hire local counsel to litigate its case, and many of the witnesses, although not all witnesses, are in Connecticut.  Connecticut has a strong interest in the litigation of a contract to be performed in Connecticut by its citizens pursuant to its law.  Accordingly, the motion to dismiss for lack of jurisdiction will be denied.

Motion to Dismiss for Improper Venue and Forum Non Conveniens

Defendant argues that Connecticut is an improper venue.

28 U.S.C. § 1391(b)(2) sets forth that venue in a case brought pursuant to diversity jurisdiction should be "a judicial district in which a substantial part of the events

or omissions giving rise to the claim occurred.  The district court must determine (1) the nature of the claims and the acts or omissions giving rise to those claims, and (2) whether a substantial part of those claims occurred in the district in question.  Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 432 (2d Cir. 2005).

In this instance, the claims arise from the contract for performance of services in Connecticut and whether those services had been adequately performed by GAI. Although some events did occur in Texas, the substantial part of the events occurred in Connecticut.  Accordingly, venue in Connecticut is not improper.

Forum Non Conveniens/28 U.S.C. § 1404(a)

Defendants argue that this action should be dismissed on the basis of forum non conveniens, which common law doctrine has application only in cases where the alternative forum is abroad or a state or territorial court.  Sinochem International Company v. Malaysia International Shipping Corporation, 549 U.S. 422, 430 (2007). When the alternative forum is another federal court, the Court considers the whether transfer pursuant to 1404(a) is appropriate.  Here, the defendants argue in favor of the Western District of Texas, which requires the Court to consider whether transfer is appropriate pursuant to Section 1404(a).

The purpose of Section 1404(a) is to have federal civil suits tried in the district most suitable in terms of convenience, efficiency and justice.  New York Marine and General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 114 (2d Cir. 2010).

The Court must give deference to a strong presumption in favor of a plaintiff's choice of forum, which presumption may be overcome only by clear and convincing evidence that private and public interest factors favor trial in the alternative forum.

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981).  When a court weighs all of the

relevant factors, the plaintiff's choice of forum should rarely be disturbed unless the

balance is strongly in favor of the defendant.  Ford Motor Co. v. Ryan, 182 F.2d 329,

330 (2d Cir. 1950).

The relevant factors that the Court must consider are:  (1) locus of operative

facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of

compulsory process to compel witness testimony; (5) convenience of the parties; (6)

familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial

means of the parties; and a catchall factor (9), interests of justice.  USES Mfg., Inc. v.

Rocky Mountain Institute Research, 94 F. Supp. 2d 218, *223 (D. Conn. 2000).

The parties will have no greater access to evidence in Texas than in

Connecticut.  Similarly, the burden of transporting witnesses to Connecticut does not

appear to be substantially more burdensome than the burden to transport witnesses to

Texas.  No factor weighs heavily in favor of the Western District of Texas as an

alternative forum.  Accordingly,  the balance of these factors does not demonstrate that

transfer to the Western District of Texas is warranted.

Motion to Dismiss Counterclaims

The function of a motion to dismiss is "merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support

thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779

(2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all

well-pleaded allegations as true and draw all reasonable inferences in favor of the

pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the

9

grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

Breach of Contract as to GAI

GAI asserts that DSI has failed to state a plausible breach of contract claim.

The elements of a breach of contract are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages. Namoury v. Tibbetts, 2005 WL 81615, *3 (D. Conn. Jan. 11, 2005).   If DSI alleged that GAI's services failed to conform to a certain standard but failed to allege that an agreement existed to perform certain services, the claim would not sound in "breach of contract." Breiner v. Stone, 122 F.3d 1055 (2d Cir. 1997).  In this instance, DSI has alleged the existence of an agreement with terms determined through oral agreements and emails, a breach of such terms and damages.  Accordingly, the Court finds that DSI has alleged a plausible breach of contract claim.

Negligence as to GAI

GAI argues that DSI's negligence claim fails because it has failed to allege that GAI owed a duty to DSI.

The essential elements of a negligence claim are (1) existence of a duty, breach of that duty, and actual injury.  Construing the allegations in the light most favorable, DSI alleges that GAI had a duty to render its services at an accepted standard for the practice and that it failed to do so.  The Court finds that DSI has stated a claim for

10

negligence based on failure to perform services with the requisite level of care.

Namoury, 2005 WL 81615, at *3.  The motion to dismiss will be denied as to this claim.

### Breach of the Covenant of Good Faith and Fair Dealing

GAI asserts that the DSI has failed to allege the essential elements of a breach of fiduciary duty claim, namely the existence of a contract and breach of the covenant. Upon review of the amended counterclaim, the Court will allow the claim to stand.

The duty of good faith and fair dealing is implied in every contractual relationship, and a claim for breach thereof requires that the plaintiff demonstrate that the defendant engaged in bad faith that impeded the plaintiff's right to receive the contract benefits. Walters v. Generation Financial Mortgage, LLC, 2011 WL 2533704, *2 (D. Conn. June 27, 2011).  To plead bad faith as required for the breach of the duty of good faith and fair dealing, a plaintiff is not required to plead allegations of fraud with particularity; instead, it may plead deception and sinister motive to satisfy the bad faith element. Andersen v. Governor & Co. of the Bank of Ireland, 2011 WL 6001621, *6 (D. Conn.).

DSI has alleged the existence of a contract based on oral and email communication that GAI would bill its services according to the hours spent on a project. Further, construing the facts in the light most favorable to DSI, the allegations may be construed to assert that Pludes intentionally sought to deceive DSI by submitting bills that misrepresented the amount of actual hours spent on the DSI projects.  The motion to dismiss will not be granted on this count.

### Fraud Against DSI and Michael and Denise Plude

GAI claims that the DSI has failed to allege fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

11

In order to satisfy Rule 9(b), a complaint must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements or omissions were made; and (4) explain why the statements or omissions were fraudulent.  Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999).  Plaintiff may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent.  Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  The purpose of the specificity requirement is:  (1) to ensure that a complaint provides defendant with fair notice of plaintiff's claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit.  O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

DSI alleges that each defendant made material misrepresentations and concealed material misrepresentations.  On September 10, 2009, Michael Plude allegedly requested that DSI pay invoiced fees to GAI rather than Kaskie Plude without disclosing that Denise Plude was the president and sole director of GAI.  DSI alleges that on "September 10, 2009, Michael Plude and his wife Denise, each made specific representations to DSI with respect to competency and quality of the work of GAI, as well as staffing, billing practices and charges for all services."  Further, it alleges that GAI did not later satisfy or even attempt to satisfy that representation as to competency, that GAI's records lacked detail and did not allow for one to discern the services that were being billed, and that Lundy's review of invoices revealed that GAI's invoices reflected work that was not performed by GAI and inaccuracies as to work hours.  DSI also alleges that GAI attempted to bill for work by Denise Plude at a rate far in excess of what

had been understood to be a fair rate.

DSI has identified speakers, statements and indicated why such statement were fraudulent.  GAI faults DSI for failing to specify the exact time and place that each statement was made.  This point is well taken, particularly because DSI has in its possession much of the evidence, including invoices with allegedly inaccurate billing.  DSI does not indicate the time period or the specific context such as a meeting, telephone call or email that Denise Plude conveyed her lack of interest in hiring staff to meet DSI's project needs.  The Court will allow DSI to replead its claim of fraud with particularity.  This claim will be dismissed without prejudice.

### Civil Conspiracy To Commit Fraud Against All Defendants

GAI argues that the civil conspiracy claim fails for lack of particularity and because all of the defendants acted as agents of GAI.  The Court will dismiss this claim for the same reason that it dismissed the fraud claim.  Additionally, the Court will dismiss the claim because the complaint alleges conduct by all defendants in their capacities as agents of GAI.  Thus, the conspiracy claim appears to be barred by the intracorporate conspiracy doctrine, which provides that employees of a corporation acting within the scope of their employment cannot conspire with one another or with the corporation itself.  Day v. General Electric Credit Corporation, 15 Conn. App. 677, 684 (1988); Metcoff v. Lebovics, 123 Conn. App. 512, 527 (2010) (an employee acts within the scope of his employment as long as he or she is discharging duties no matter how irregularly).  Accordingly, this count will be dismissed with prejudice.

### CUTPA Violation Against All Defendants

GAI asserts that the CUTPA claim fails because the allegations do not establish

an unfair or deceptive practice.  GAI maintains that DSI's allegations describe its
dissatisfaction with services rather than practices giving rise to a violation of CUTPA.

CUTPA provides, in relevant part, that "[n]o person shall engage in unfair
methods of competition and unfair or deceptive acts or practices in the conduct of any
trade or commerce."  Conn. Gen. Stat. § 42-110b(a).  The Connecticut Supreme Court
has adopted the following factors known as the "cigarette rule" to determine whether a
trade practice is unfair or deceptive:  "(1) whether the practice, without necessarily
having been previously considered unlawful, offends public policy as it has been
established by statute, the common law, or otherwise — whether, in other words, it is
within at least the penumbra of some common law, statutory, or other established
concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous;
and (3) whether it causes substantial injury to consumers, competitors, or other
businessmen."  A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990).
In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria
or to demonstrate that the practice meets all three criteria to a lesser degree.  Hartford
Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999).

Although most of DSI's allegations concern its lack of satisfaction with the
services rendered, the allegations may be construed to assert that the Pludes and GAI
were engaged in a practice of false billing, which falls within the penumbra of unfair
conduct.  The Court finds that the allegations state a plausible CUTPA claim.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss for lack of personal
jurisdiction, improper venue and forum non conveniens or in the alternative to transfer

14

venue [doc. #23] are DENIED; defendants' motions to dismiss the counterclaims  [docs. #33 and 52] are DENIED in part and GRANTED in part.  The claim of fraud is dismissed without prejudice and the claim of conspiracy to commit fraud is dismissed with prejudice.

An amended answer with counterclaims should be filed within twenty-one days of this Ruling's filing date.

Dated this _22____ day of November, 2012 at Bridgeport, Connecticut.


------------------/s/---------------------------
Warren W. Eginton
Senior U.S. District Judge