UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | |
| GARNET ANALYTICS, INC. ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | 03:12-cv-00716 (WWE) |
| ) | |
| v. ) | |
| ) | |
| DIVERSIFIED SOLUTIONS, INC., ) | |
| MICHAEL LUNDY AND BRIAN SOL ) | |
| ) | |
| Defendants. ) | JULY 29, 2013 |
| _____) | |

**DEFENDANTS' OBJECTION TO RECOMMENDED RULING (DOC. #183)**

Pursuant to Fed. R. Civ. P. 72, Defendants Diversified Solutions, Inc., Michael Lundy, and Brian Sol ("Defendants") hereby object to the Court's (Fitzsimmons, M.J.) Recommended Ruling on Plaintiff's Motion for Supplemental Order in Aid of PJR (Doc. # 183.) (the "Recommended Ruling"). The Court applied the incorrect standard of probable cause in granting Plaintiff's Motion for Supplemental Order in Aid of PJR. The Court incorrectly followed the language in Hamma v. Gradco Sys., 1992 WL 336740 (D. Conn. Nov. 4, 1992) (Cabranes, J.) which is merely dicta and has not been followed by the District of Connecticut. As more fully set forth below, the standard followed by the majority of courts in the District of Connecticut is a plaintiff must allege and prove irreparable harm to obtain an order compelling a defendant to bring assets into Connecticut for attachment.

Accordingly, Defendants respectfully request that this Court sustain their Objection to the Recommended Ruling.

I.   **Standard of Review**

"[A] district court reviews, *de novo,* those portions of a magistrate judge's recommended ruling to which an objection is made. The court may adopt, reject, or modify, in whole or in part, a magistrate judge's recommended ruling." Wages v. Comm'r of Soc. Sec., 2013 WL 3243116 (D. Conn. June 26, 2013) (Hall, J.) (reversing a recommended ruling in part and affirming in part).

II.  **Defendants' objection to the Recommended Ruling should be sustained because the Court applied the wrong legal standard in granting Plaintiff's Motion for Supplemental Order in Aid of PJR.**

An application seeking an order compelling a defendant to bring assets into Connecticut must be treated as a request for an injunction.  See Metal Mgmt., Inc. v. Schiavone, 514 F. Supp. 2d 227, 240-41 (D. Conn. 2007, Bryant, J.) ("An order of this type is injunctive in nature and requires a showing of irreparable harm . . . ."); S. New England Tel. Co. v. Global Naps, Inc., 2006 WL 3388393 , *1(D. Conn. Nov. 21, 2006, Hall, J.) ("[T]he court must treat SNET's application as a request for an injunction."); Inter-Regional Financial Group, Inc. v. Hashemi, 562 F.2d 152, 154 (2d Cir.1977) ("Since the transportation of the [stock] certificates into the state was a necessary step to preceding the actual attachment, we find that the district court below and the parties correctly treated the

2

December 28th order as an injunction."). See also Chemical Bank v. Haseotes, 13 F.3d 569, 572-73 (2d Cir. 1994) ("The first remedy Chemical seeks here is an order directing that property located outside of the state brought into New York so that it will be subject to the attachment order, a remedy properly treated as an injunction.").

Accordingly, to obtain an order compelling a defendant to bring assets into the state, Connecticut District Courts and the Second Circuit have required a plaintiff to prove that it will suffer irreparable harm absent such an order. See, e.g., S. New England Tel. Co. v. Global Naps, Inc., 2006 WL 3388393, *1 (D. Conn. Nov. 21, 2006, Hall, J.) ("[T]he court can only order Global to bring assets into Connecticut upon a finding of probable cause that SNET would otherwise suffer irreparable harm. . . . SNET has made no showing of irreparable harm, even if, as SNET argues, Global becomes judgment proof at the end of these proceedings. . . . Therefore, the court does not find irreparable harm."); Timex Licensing Corp. v. Advance Watch Co. Ltd., 2009 WL 807472, *11 (D. Conn. Mar. 27, 2009, Bryant, J.) ("Advance has argued that absent a showing of irreparable harm, the Court may not order Advance to bring its assets into Connecticut to satisfy a prejudgment remedy. Timex has not argued otherwise, and there has been no suggestion that Timex would suffer irreparable harm. Therefore, Timex' writ of attachment is limited to Advance's assets located in Connecticut." (Citation omitted)); Sec. Ins. Co. of Hartford v. Trustmark Ins. Co., 221 F.R.D. 300, 301 (D. Conn. 2003) (Dorsey, J.) ("[P]laintiff has not adduced evidence establishing that it will be irreparably harmed absent an order requiring that defendant bring the securities into Connecticut for attachment."); Chemical Bank v. Haseotes, 13 F.3d 569,

572-73 (2d Cir. 1994) (denying request for order where plaintiff failed to establish irreparable harm).

It is also axiomatic that irreparable harm is not shown where the harm to a plaintiff may be remedied by an award of monetary damages.  See Chemical Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir. 1994).  Accordingly, the mere fear that a defendant may become judgment-proof is insufficient to show irreparable harm.  See, e.g., id. at 573 ("The irreparable harm alleged by Chemical is its fear that Haseotes will render himself judgment-proof on the guarantee claim by selling the NEL stock.  Yet, generally speaking, an injunction is not available to remedy a loss that may be remedied by an award of money damages."); S. New England Tel. Co. v. Global Naps, Inc., 2006 WL 3388393, *1 (D. Conn. Nov. 21, 2006, Hall, J.) ("SNET has made no showing of irreparable harm, even if, as SNET argues, Global becomes judgment proof at the end of these proceedings.  This is because SNET's damages are quite simple to establish and measure.  Therefore, the court does not find irreparable harm.").

Ignoring the case law cited above, the Court relied on Lyon Hollis Assoc., Inc. v. New Technology Partners, Inc., 278 F. Supp.2d 226 (D. Conn. 2003, Lagueux, S.D.J.) and Hamma v. Gradco Systems, Inc., 1992 WL 336740 (D.Conn.1992, Cabranes, J.) for the proposition that "a party seeking this ancillary relief need only establish probable cause."  Pl. Memo of Law. Doc. 138 at p. 2.  In fact, these cases further support the proposition that a plaintiff must show irreparable harm to compel a defendant to bring assets into Connecticut.

4

The court in <u>Hamma v. Gradco Systems, Inc.</u>, 1992 WL 336740 (D.Conn.1992, Cabranes, J.), merely states that "courts routinely issue orders ancillary to prejudgment remedies without finding likelihood of success on the merits," and "[nowhere does the opinion state that a court can order a party to bring assets from outside the state to effectuate a prejudgment remedy without some finding of irreparable harm." <u>S. New England Tel. Co. v. Global Naps, Inc.</u>, 2006 WL 3388393, *1 n.1 (D. Conn. Nov. 21, 2006, Hall, J.).  Moreover, in <u>Hamma v. Gradco</u>, the court's statements about the proof needed to obtain an order compelling a defendant to bring assets into Connecticut is merely dicta.  The court in that decision issued no order requiring out of state assets to be brought to Connecticut and was not even ruling on any such motion.  Rather, the court in <u>Hamma</u> was addressing the defendant's jurisdictional and constitutional challenges to the plaintiff's application for prejudgment remedy.

<u>Hamma</u> has not been favorably cited in the District of Connecticut other than in <u>Lyon Hollis Assoc., Inc. v. New Technology Partners, Inc.</u>, 278 F. Supp.2d 226 (D. Conn. 2003, Lagueux, S.D.J.).  But even in <u>Lyon Hollis</u> the court *did* make a finding of irreparable harm. *See* <u>id.</u> at 246 ("The evidence . . . sustains the Court's decision that it should act in equity to protect Lyons Hollis from the *irreparable harm* it would suffer should NTP dispose of the assets from which a judgment may be collected." (Emphasis added)).  *See also* <u>S. New England Tel. Co. v. Global Naps, Inc.</u>, 2006 WL 3388393, *1 n.1 (D. Conn. Nov. 21, 2006, Hall, J.) (noting that the court in <u>Lyon Hollis</u> found irreparable harm).  Accordingly, <u>Lyon Hollis</u> actually supports Defendants' position that to obtain the extraordinary injunctive relief

5

of an order compelling a defendant to bring assets into Connecticut, a plaintiff must allege and prove that it will suffer irreparable harm absent such an order.

Here, the Court incorrectly applied the probable cause standard to Plaintiff's Motion for Supplemental Order in Aid of PJR. Because the standard to obtain an order compelling a defendant to bring assets into Connecticut requires a showing of irreparable harm, Defendants' respectfully request that this Court sustain their Objection to the Recommended Ruling.

## CONCLUSION

For the foregoing reasons, Defendants' Objection to the Recommended Ruling should be sustained.

**THE DEFENDANTS**,

By: /s/ Philip C. Pires
Stewart I. Edelstein
Federal Bar No. ct06021
David A. Ball, Esq.
Federal Bar No. ct10154
Philip C. Pires, Esq.
Federal Bar No. ct28138
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tele:  (203) 368-0211
Fax:   (203) 394-9901
E-mail: sedelstein@cohenandwolf.com
E-mail: dball@cohenandwolf.com
E-mail: ppires@cohenandwolf.com

## CERTIFICATION OF SERVICE

I hereby certify that on July 29, 2013, a copy of the foregoing Objection to Recommended Ruling was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

                                                        /s/ Philip C. Pires
                                                        Philip C. Pires