```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
                                         :
GARNET ANALYTICS, INC.                   :
                                         :
                                         :
                                         :
v.                                       :   CIV. NO. 3:12CV716 (WWE)
                                         :
DIVERSIFIED SOLUTIONS, INC.,             :
MICHAEL LUNDY, and BRIAN SOL             :
                                         :
                                         :
```

# RULING ON PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 37 FOR FAILURE TO RESPOND TO DISCOVERY

Plaintiff, Garnet Analytics, Inc., ("Garnet"), brings this action to recover payment and damages for breach of contract.[1] [Doc. #1; Doc. #27 at 1]. Defendants are Diversified Solutions, Inc., ("DSI"); Michael Lundy, President of DSI, and Brian Sol, Vice President of DSI (collectively "defendants").

On March 4, 2013, plaintiff moved for an order of discovery sanctions and/or compliance pursuant to Fed. R. Civ. P. 37. Plaintiff seeks an order precluding defendants from introducing or relying on any evidence or documentation not provided in response to Garnet's discovery requests, and from introducing or

---

[1] By complaint dated May 14, 2012, plaintiff alleges breach of contract (against DSI), breach of the implied covenant of good faith and fair dealing (against DSI), promissory estoppel (against DSI), quantum meruit (against DSI), negligent misrepresentation (against DSI), fraud (against all defendants), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a to 110q (against DSI). [Doc. #1].

1

relying on any expert testimony not adequately disclosed by defendants or, in the alternative, for an order directing defendants to cure the defects in their discovery responses and expert disclosures by a date certain. [Doc. #96].

On December 10, 2012, plaintiff served its First Set of Interrogatories and Production Requests on defendants. During a status conference held on January 3, 2013, defendants represented that they would make expert disclosures as part of their discovery responses by January 10, 2013. This representation was memorialized in a court order. [Doc. #74]. Defendants failed to assert any objections to the discovery requests, failed to provide any responses and failed to make expert disclosures in conformity with Fed. R. Civ. P. 26(a)(2)(B).  A hearing on plaintiff's Application for Prejudgment Remedy was begun on January 30, 2013. Defendants provided responses to plaintiff's First Set of Interrogatories and Production Requests on February 8, 11 and 26, 2013. [Doc. #98, Aff. Att. McCormack].  Counsel conferred in an effort to resolve their issues with the discovery requests and responses. D. Conn. L. Civ. R. 37(a).  Id.  A continued hearing on the PJR was held on March 11, 12 and 13, 2013. On March 13, 2013, plaintiff filed a Supplemental Memorandum in Support of Motion Pursuant to Rule 37, contending that the additional materials

received from defendants' counsel on March 7, 2013 conclusively demonstrated a lack of good faith in the discovery conference process. [Doc. #104].

On March 14, 2013, the Court granted plaintiff's Application for a Prejudgment Remedy and granted in part plaintiff's Motion Pursuant to Fed. R. Civ. P. 37 for Failure to Respond to Discovery.[1] The Court reserved on the remainder of the relief requested until defendants filed a brief in opposition.

On April 8 and 12, 2013, defendants filed a response and supplemental response. [Doc. #123, 125]. On May 6, 2013, plaintiff filed reply brief and supplemental memorandum.[2] [Doc. #139, 140]. Defendants filed a supplemental memorandum in further opposition on May 10, 2013. [Doc. #142]. Plaintiff filed a reply to defendants' supplemental memorandum on May 31, 2013. [Doc. #152]. Oral argument was held on August 26, 2013.

Plaintiff's Motion Pursuant to Fed. R. Civ. P. 37 for Failure to Respond to Discovery **[Doc. #96]** is **GRANTED.**

The Court finds that defendants failed to file timely responses or objections to plaintiff's First Set of Interrogatories and Production Requests dated December 10, 2012,

---

[1] Because plaintiff's counsel was unable to cross-examine witnesses offered by defendants, due to the failure to provide discovery materials as ordered, the Court considered only plaintiff's witnesses in ruling on the PJR. See Tr. 3/13/13 at 183-184.

[2] Plaintiff filed a corrected exhibit G to its Second Supplemental Memorandum on May 14, 2013. [Doc. #148].

and failed to cure the deficiencies despite ample opportunity to do so. Objections to plaintiff's discovery requests were waived. Fact and expert discovery is closed and defendants are limited to the discovery responses and production provided. In addition, defendants have made no expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B), and are precluded from offering any expert testimony at the continued PJR hearing or at trial.

On March 13, 2013, defendants offered testimony from Gary Kondler about the amount of time he spent on the approximately 80 "binders" he has prepared for DSI clients on behalf of Kondler and Associates. See Tr. 3/13/13 at 30-181.  Plaintiff's counsel had a continuing objection to the testimony, based in part on defendants' failure to provide any discovery as to the witness' work product, and was unable to conduct a meaningful cross-examination of the witness.

The Court chose to grant the PJR against defendant DSI, based on the testimony presented by plaintiff, with the reservation that when defendants provided discovery that would enable plaintiff's counsel to conduct a meaningful cross-examination of Mr. Kondler, Mr. Lundy, and any other defense witnesses, the Court would reconsider the PJR in light of any counterclaims, offsets and defenses.

Defendants discharged counsel who represented them at the PJR hearing, and successor counsel made supplemental disclosures

as detailed in the motion papers [doc. ##123, 125, 142], and at argument on August 26.  Successor counsel subsequently withdrew, and defendants retained current counsel from Halloran and Sage.

Notwithstanding the Court's admonitions on March 13 and the then-pending motion to strike the Kondler testimony, there has been no production to date of the work product underlying Mr. Kondler's testimony or other documents or electronic data which would permit plaintiff or the Court to determine how comparable the Kondler work is to the work performed by Garnet. Currently, defendants are asserting that the accountant client privilege precludes them from providing any documentation. New counsel are not in a position to explain why defendants cannot waive this privilege as the client, despite the fact that they have a contractual right to all of Kondler's work product.  Defendants' failure to produce any of the requested material from Kondler, including transmittals from DSI to Kondler, deprives plaintiff of any meaningful opportunity to cross-examine defense witnesses or to challenge defendants' defense theory. New counsel has requested a final opportunity to remedy this failure. If complete disclosures are not made by September 4, the motion to strike Kondler's testimony will be granted and defendants will be precluded from relying on any experience with Kondler and Associates in the presentation of their defense.

Plaintiff's Rule 37 request for attorneys' fees and costs is **GRANTED**. Plaintiff will file a motion for costs and fees with supporting documentation within thirty (30) days.

A continued hearing on plaintiff's Application for Prejudgment Remedy is scheduled for September 9, 10 and 11, 2013.  The parties will exchange supplemental exhibits by the close of business on September 4, 2013, and provide the original and two copies to the Court with an updated exhibit list. The supplemental exhibits will be premarked.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

Dated at Bridgeport this 27th day of August 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE